IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>JOSHUA DEVON BARROW,<br><br>   Defendant. | <br><br><br><br>2:23-CR-038-Z-BR-1 |

## ORDER

Before the Court is Defendant's Motion to Dismiss ("Motion") (ECF No. 21). Defendant moves to dismiss the one-count Indictment, charging him with Convicted Felon in Possession of a Firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (ECF No. 11). Having considered the Motion, the briefing, and the relevant case law, the Court **DENIES** the Motion.

### BACKGROUND

Defendant Barrow has three prior felony convictions: (1) Possession of a Controlled Substance (2003, Potter County, Texas); (2) Conspiracy to Possess with Intent to Deliver a Controlled Substance (crack cocaine) (2010, U.S. District Court for the Western District of Texas); and (3) Bribery of a Public Official (2013, U.S. District Court for the Western District of Texas). ECF Nos. 21 at 2; 23 at 18. His criminal record also contains various misdemeanor offenses, including assault, unlawful carrying of a weapon, and providing false information to a peace officer. ECF No. 28 at 18.

On May 25, 2023, a grand jury indicted the Defendant for possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (ECF No. 11). Section 922(g)(1) makes it "unlawful for any person . . . who has been convicted in any court of, a crime

punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." Defendant has pleaded not guilty (ECF No. 18) and now moves this Court to dismiss his indictment.

## LEGAL STANDARD

A court can dismiss an indictment as defective when it fails to state an offense. FED. R. CRIM. P. 12(b)(3)(v). And an indictment "premised on a statute that is unconstitutional must be dismissed." *United States v. Barber*, No. 4:20-CR-384-SDJ, 2023 WL 1073667, at *2 (E.D. Tex. Jan. 27, 2023). In considering the Motion, the Court must assume the indictment's allegations to be true and determine whether, based on that indictment, an offense has been stated. *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004).

## ANALYSIS

Defendant's Motion avers that Section 922(g)(1) is facially unconstitutional and therefore unenforceable on two grounds: (1) it violates the Commerce Clause; and (2) it violates the Second Amendment as understood post-*Bruen*. See U.S. CONST. art. I, § 8, cl. 3; *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). The Court considers both arguments in turn.

### A. Defendant's Commerce Clause Challenge

Defendant concedes that "courts have thus far rejected" his Commerce Clause claim. ECF No. 21 at 11. Nevertheless, he contends that those courts were incorrect and that Section 922(g)'s "possession" prong exceeds both statutory and constitutional authority. *Id.* Defendant's statutory theory is that Section 922(g)'s possession requirement — that a felon's firearm possession be "in or affecting commerce" — does not encompass mere possession of a firearm that previously traveled in interstate or foreign commerce. But the Fifth Circuit squarely rejected Defendant's statutory theory on numerous occasions. *See, e.g., United States v. Rawls*, 85 F.3d 240, 242–43

(5th Cir. 1996) (finding that the possession element was satisfied "if the firearm possessed by a convicted felon had previously traveled in interstate commerce"); *United States v. Guidry*, 406 F.3d 314, 318 (5th Cir. 2005) (finding the possession element was satisfied "where the government demonstrates that the firearm was manufactured out of state"). Because the Fifth Circuit has considered and rejected this theory, it also fails here.

Defendant's second theory asserts that Section 922(g)(1) exceeds Congress's commerce power in light of *United States v. Lopez*, 514 U.S. 549 (1995). But Defendant's constitutional claim was also considered — and rejected — by the Fifth Circuit. *See Rawls*, 85 F.3d at 242. Unlike Section 922(g)(1), the statute at issue in *Lopez* contained "no jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." *Lopez*, 514 U.S. at 561. Therefore, *Lopez* does not render Section 922(g)(1) constitutionally unenforceable. *Rawls*, 85 F.3d at 242–43; *see also United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013) (reaffirming that Section 922(g)(1) is constitutional under the Commerce Clause); *United States v. Nichols*, 2022 WL 5401942, at *1 (5th Cir. Oct. 6, 2022) (per curiam), *cert. denied*, 143 S. Ct. 827 (2023). Because the Court is bound by controlling Fifth Circuit precedent, Defendant's constitutional theory also fails.

### B. Defendant's Second Amendment Challenge

The Supreme Court recently clarified its Second Amendment framework in *Bruen*. 142 S. Ct. at 2129–30 (explaining that courts must first discern whether "the Second Amendment's plain text covers an individual's conduct" and, if so, whether the government justified the law "by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation"). Defendant claims that Section 922(g)(1) violates the Second Amendment under the *Bruen* framework.

"The Second Amendment provides, simply enough: A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." *United States v. Rahimi*, 61 F.4th 443, 451 (5th Cir. 2023). The Second Amendment protects the right of an ordinary, law-abiding citizen to possess a handgun in the home and in public for self-defense. *Bruen*, 142 S. Ct. at 2122. And as the Supreme Court has repeatedly noted, "there is a long tradition of widespread lawful gun ownership by private individuals in this country." *Staples v. United States*, 511 U.S. 600, 610 (1994).

Like Defendant's Commerce Clause challenge, Defendant's facial challenge to Section 922(g)(1) is foreclosed by binding precedent. To begin, the Supreme Court "made it clear in *Heller*" that its holding "did not cast doubt on such longstanding regulatory measures" as "prohibitions on the possession of firearms by felons." *McDonald v. City of Chi., Ill.*, 561 U.S. 742 (2010) (citing *D.C. v. Heller*, 554 U.S. 570, 626–27 (2008)). Nothing in the Fifth Circuit's later holdings on Section 922(g)(1) — whether post-*Heller* or post-*Bruen* — has upended this precedent. *See Rahimi*, 61 F.4th at 452 (the Second Amendment's reference to "the people" categorically "excludes those who have demonstrated disregard for the rule of law through the commission of felony and felony-equivalent offenses").[1] And to the Court's knowledge, every district court within the Northern District of Texas has denied Section 922(g)(1) challenges in this timeframe.[2]

---

[1] *See also United States v. Massey*, 849 F.3d 262, 265 (5th Cir. 2017) ("We reaffirmed the constitutionality of Section 922(g)"); *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010) ("[W]e have reaffirmed our prior jurisprudence on this point since *Heller* was decided."); *United States v. Barber*, No. 4:20-CR-384-SDJ, 2023 WL 1073667, at *3 (E.D. Tex. Jan. 27, 2023) ("In sum, both before and after *Heller* the Fifth Circuit consistently has rejected Second Amendment challenges . . . to the validity of Section 922(g)(1).").

[2] *See, e.g., United States v. Stewart*, No. 4:23-CR-0105-P, 2023 WL 3313053, at *2 (N.D. Tex. May 8, 2023); *United States v. Mosley*, No. 4:23-CR-0041-P, 2023 WL 2777473, at *2 (N.D. Tex. Apr. 4, 2023); *United States v. Hernandez*, No. 3:23-CR-0056-B, 2023 WL 4161203, at *7 (N.D. Tex. June 23, 2023).

*Bruen* clarified that "*Heller* does not support applying means-end scrutiny." 142 S. Ct. at 2127. In other words, the Second Amendment strips the government and the judiciary of "the power to decide on a case-by-case basis whether the right is *really worth* insisting upon." *Id.* at 2129. To that end, Fifth Circuit cases that relied on intermediate scrutiny when denying Second Amendment claims are questionable after *Bruen*.[3] But that does not mean that *Bruen* opened the floodgates for district courts to revisit every issue that implicates the Second Amendment *de novo*. And Defendant fails to explain how any of the Fifth Circuit's holdings on Section 922(g)(1)'s constitutionality were implicitly overruled by *Bruen*.

In fact, pre-*Bruen* Fifth Circuit precedent finding Section 922(g)(1) constitutional is entirely consistent with — and therefore satisfies — the *Bruen* analysis. *See generally United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001) (finding Section 922(g)(1) constitutional after considering the history and tradition of the Second Amendment); *see also United States v. Daniels*, No. 1:22-CR-024-H, ECF No. 85 at 6 (N.D. Tex. May 16, 2023) ("Fifth Circuit precedent upholding Section 922(g)(1) did not expressly invoke the means-end scrutiny that *Bruen* rejected. Its analysis more clearly invoked the considerations endorsed by both *Bruen* and Supreme Court precedent before it: 'a test rooted in the Second Amendment's text, as informed by history.'") (quoting *Bruen*, 142 S. Ct. at 2117–18). And subsequent Fifth Circuit cases cite *Emerson* for its historical analysis in finding Section 922(g)(1) constitutional. *See, e.g., United States v. Darrington*, 351 F.3d 632, 634 (5th Cir. 2003); *United States v. Everist*, 368 F.3d 517, 519 (5th Cir. 2004). While *Emerson*'s means-end scrutiny is no longer good law, its historical analysis

---

[3] *See, e.g., Bruen*, 142 S. Ct. at 2127 n.4 (expressly abrogating *Nat'l Rifle Ass'n of Am., Inc. v. ATF*, 700 F.3d 185, 194 (5th Cir. 2012)); *Bezet v. United States*, 714 Fed. Appx. 336, 341 (5th Cir. 2017) (finding "a reasonable fit" between "relatively light" burdens on Second Amendment rights "and the important government objective of curbing gun violence"); *Rahimi*, 61 F.4th at 450–51 (*Bruen* "fundamentally changed" analysis of laws that implicate the Second Amendment, rending "prior precedent obsolete").

stands as compliant with and satisfactory under *Bruen*. *See Rahimi*, 61 F.4th at 450. In fact, the Fifth Circuit's only post-*Bruen* case quoted *Heller*'s language that "longstanding prohibition[s] on the possession of firearms" by felons are constitutional. *Rahimi*, 61 F.4th at 452 (quoting *Heller*, 554 U.S. at 626–27); *see also id.* at 464 ("The Supreme Court has also made clear that our Nation's history and tradition include 'longstanding prohibitions on the possession of firearms by felons' — and that such measures are 'presumptively lawful.'") (Ho, J., concurring) (quoting *Heller*, 554 U.S. at 626 n.26).

There may be non-frivolous arguments that Section 922(g)(1) violates the Second Amendment. However, it is "settled that for a Supreme Court decision to override a Fifth Circuit case, the decision must unequivocally overrule prior precedent; mere illumination of a case is insufficient, that an intervening change in the law cannot be a mere hint of how the Supreme Court might rule in the future." *Matter of Highland Cap. Mgmt., L.P.*, No. 22-10575, 2023 WL 4621466, at *4 (5th Cir. July 19, 2023) (internal marks and citations omitted). Unless and until the Supreme Court or the Fifth Circuit disturbs its precedent on Section 922(g)(1), the Court is bound by these holdings. *See Team Contractors, L.L.C. v. Waypoint Nola, L.L.C.*, 976 F.3d 509, 518 (5th Cir. 2020) ("Under this circuit's rule of orderliness, each panel deciding an appeal is bound by Fifth Circuit precedents (as district courts surely are for other reasons).").

CONCLUSION

Because the Court **FINDS** Section 922(g)(1) constitutional under both the Commerce Clause and the Second Amendment, Defendant's Motion should be and hereby is **DENIED**.

**SO ORDERED.**

July 20, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE